**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Aaron Posen, individually and on behalf of all others similarly situated, <br><br>                           Plaintiff, <br><br><br><br><br><br>     -v.- <br><br> Portnoy Schneck, L.L.C., <br> Cavalry SPV I, LLC, <br><br><br>                      Defendant(s). | Civil Action No: 1:21-cv-4071 <br><br> **CLASS ACTION COMPLAINT** <br><br> **DEMAND FOR JURY TRIAL** |

Plaintiff Aaron Posen (hereinafter referred to as "Plaintiff") brings this Class Action Complaint by and through his attorneys, Stein Saks, PLLC, against Defendant Portnoy Schneck, L.L.C., formerly known as Schachter Portnoy Schneck, L.L.C. (hereinafter referred to as "Defendant Portnoy") and Defendant Cavalry SPV I, LLC (hereinafter referred to as "Defendant Cavalry"), individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

**INTRODUCTION/PRELIMINARY STATEMENT**

1.	Congress enacted the Fair Debt Collection Practices Act ("the FDCPA") in 1977 in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. §1692(a). At that time, Congress was concerned that "abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." *Id.* Congress

concluded that "existing laws…[we]re inadequate to protect consumers," and that "the effective collection of debts" does not require "misrepresentation or other abusive debt collection practices." 15 U.S.C. §§ 1692(b) & (c).

2.      Congress explained that the purpose of the Act was not only to eliminate abusive debt collection practices, but also to "insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." *Id.* § 1692(e). After determining that the existing consumer protection laws were inadequate *Id.* § l692(b), Congress gave consumers a private cause of action against debt collectors who fail to comply with the Act. *Id.* § 1692k.

## JURISDICTION AND VENUE

3.      The Court has jurisdiction over this class action pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692 et. seq. The Court has pendent jurisdiction over the State law claims in this action pursuant to 28 U.S.C. § 1367(a).

4.      Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) as this is where the Plaintiff resides, as well as where a substantial part of the events or omissions giving rise to the claim occurred.

## NATURE OF THE ACTION

5.      Plaintiff brings this class action on behalf of a class of New York consumers under § 1692 et seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA"), and

6.      Plaintiff is seeking damages and declaratory relief.

## PARTIES

7.      Plaintiff is a resident of the State of New York, County of Kings.

8.      Defendant Portnoy is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6), with a business address at 500 Summit Lake Drive, Suite 4A, Valhalla, NY 10595.

9.      Upon information and belief, Defendant Portnoy uses the mail, telephone, and facsimile and regularly engages in business, the principal purpose of which is to attempt to collect debts alleged to be owed or due another.

10.     Defendant Cavalry is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6), with its headquarters at 500 Summit Lake Drive, Suite 400, Valhalla, NY 10595 and an address for service of process at C T Corporation System 28 Liberty St, New York, NY 10005.

11.     Upon information and belief, Defendant Cavalry uses the mail, telephone, and facsimile and regularly engages in business, the principal purpose of which is to attempt to collect debts.

## CLASS ALLEGATIONS

12.     Plaintiff brings this claim on behalf of the following case, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3).

13.     The Class consists of:

  a.  all individuals with addresses in the State of New York;

  b.  to whom Defendant Portnoy sent a response to a validation request;

  c.  on behalf of Defendant Cavalry;

  d.  in which Defendant Portnoy includes an amount of "payments and/or credits made on the debt since charge-off";

  e.  without explaining the nature of the "payments and/or credits";

       f.   which letter was sent on or after a date one (1) year prior to the filing of this

action and on or before a date twenty-one (2l) days after the filing of this action.

14.      The identities of all class members are readily ascertainable from the records of

Defendants and those companies and entities on whose behalf they attempt to collect and/or

have purchased debts.

15.      Excluded from the Plaintiff Class are the Defendants and all officers, members,

partners, managers, directors and employees of the Defendants and their respective immediate

families, and legal counsel for all parties to this action, and all members of their immediate

families.

16.      There are questions of law and fact common to the Plaintiff Class, which common

issues predominate over any issues involving only individual class members. The principal issue

is whether the Defendants' written communications to consumers, in the form attached as

Exhibit A violates 15 U.S.C. § l692e and § 1692g et seq.

17.      The Plaintiff's claims are typical of the class members, as all are based upon the same

facts and legal theories. The Plaintiff will fairly and adequately protect the interests of the

Plaintiff Class defined in this complaint. The Plaintiff has retained counsel with experience in

handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff

nor his attorneys have any interests, which might cause them not to vigorously pursue this action.

18.      This action has been brought, and may properly be maintained, as a class action

pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a

well-defined community interest in the litigation:

a.  **Numerosity:** The Plaintiff is informed and believes, and on that basis alleges, that the Plaintiff Class defined above is so numerous that joinder of all members would be impractical.

b.  **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff Class and those questions' predominance over any questions or issues involving only individual class members. The principal issue is whether the Defendants' written communications to consumers, in the form attached as Exhibit A violates 15 U.S.C. § l692e and § 1692g et seq.

c.  **Typicality:** The Plaintiff's claims are typical of the claims of the class members. The Plaintiff and all members of the Plaintiff Class have claims arising out of the Defendants' common uniform course of conduct complained of herein.

d.  **Adequacy:** The Plaintiff will fairly and adequately protect the interests of the class members insofar as Plaintiff has no interests that are averse to the absent class members. The Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiff nor his counsel have any interests which might cause them not to vigorously pursue the instant class action lawsuit.

e.  **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single

forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

19.     Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

20.     Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify a class(es) only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

## FACTUAL ALLEGATIONS

21.     Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered above herein with the same force and effect as if the same were set forth at length herein.

22.     At some point in time, on a date better known to Defendants, an obligation was incurred to the original creditor, Citibank, N.A. The subject debt was allegedly incurred solely for personal, household or family purposes, specifically a Citi Simplicity credit card.

23.     The Plaintiff is a "consumer" as defined by 15 U.S.C.§ 1692a(3).

24.     Upon information and belief, Citibank, N.A. sold or assigned the defaulted debt to Defendant Cavalry on October 19, 2018 for the purpose of debt collection. Therefore, Defendant Cavalry is a "debt collector" as defined by 15 U.S.C.§ 1692a(6).

25.     Upon information and belief, Defendant Cavalry contracted Defendant Portnoy to collect the defaulted debt. Therefore, Defendant Contract is a "debt collector" as defined by 15 U.S.C.§ 1692a(6).

26.     The subject obligation is consumer-related, and therefore a "debt" as defined by 15 U.S.C.§ 1692a(5).

27.     Defendant Cavalry has policies and procedures in place that govern Defendant Portnoy's debt collection practices, specifically with regard to collecting the subject debt, thereby evidencing Defendant Cavalry's control over Defendant Portnoy's collection practices.

28.     By virtue of the relationship between the two Defendants, Defendant Cavalry exercised control over Defendant Portnoy while the latter was engaged in collecting the subject debt on behalf of the former.

29.     Therefore, Defendant Cavalry should be held vicariously liable for any and all violations committed by Defendant Portnoy.

### *Violation – March 29, 2021 Collection Letter*

30.     On or about March 29, 2021, Defendant Portnoy sent Plaintiff a response to a dispute made by the Plaintiff regarding the alleged debt, originally owed to Citibank, N.A. (See "Letter" attached as **Exhibit A**).

31.     Included in the subject of the Letter, it lists in relevant part:

> Our client/Current Creditor: Cavalry SPV I, LLC
> Original Creditor: Citibank, N.A.
> Total amount of the debt due as of charge-off: $4,652.60
> Total amount of interest accrued since charge-off: $0.00
> Total amount of non-interest charges or fees accrued since charge-off: $0.00
> Total amount of payments and/or credits made on the debt since charge-off: $102.88
> Total amount of the debt due: $4,549.72

32.     The Letter includes a final billing statement from Citibank (Billing period: 08/09/18-09/10/18) which lists the balance as $4,652.60.

33.     The Letter claims to be a "substantiation" of the Plaintiff's debt. However, it remains unclear as to why Defendants discounted the total amount owed by $102.88.

34.    The Letter categorizes the difference between the charge-off amount and the amount of debt due into a nebulous grouping called "payments and/or credits" but fails to explain the nature of such "payments and/or credits".

35.    The letter is open to more than one reasonable interpretation:

   a)    The $102.88 amount could represent a payment made by the Plaintiff;

   b)    The $102.88 amount could represent a credit conferred by the creditor;

   c)    The $102.88 amount could represent a mistake by the debt collector.

36.    If Defendants intended Option A, then they falsely represent a payment made by the Plaintiff.

37.    This misrepresentation serves Defendants' interest of extending the statute of limitations for suing upon the defaulted debt.

38.    Furthermore, the Plaintiff is confused because he does not remember making any recent payments of $102.88.

39.    If Defendants intended Option B, then "payments and/or credits" does not capture what Defendants are doing. If Defendants are in fact waiving the last interest amount applied by Citibank, then they should have clearly conveyed their waiver to the Plaintiff. It is  misleading to label a waiver of interest as a "credit".

40.    Without being provided with further explaination, the Plaintiff does not understand why the debt collector would want to waive interest. It is unexpected, counterintuitive, and calls into question Defendants' right to collect on this debt altogether.

41.    If Defendants made a mistake, as per Option C, then the amount of debt owed is misrepresented in the Letter.

42.     The fact that the stated total amount of the debt due is less than the charge-off amount does not change the fact that the amount sought by the debt collector is incorrect.

43.     The failure to state the correct amount of the debt is not merely a technical detail. It is material because the amount of the debt goes to the essence of the validation.

44.     The body of the letter also fails to elaborate on the term "payments and/or credits."

45.     This type of boilerplate validation letter should not pass legal muster and Defendants should not be permitted to continue to proliferate this type of bare-bones "validation."

46.     Once a debt collector receives a dispute from a consumer, it is their obligation to conduct a basic investigation as to the validity of the debt and provide substantiation to the consumer for why they are collecting this debt.

47.     In result, the Plaintiff remains unaware of how much, if anything, he owes to the creditor, despite the fact that he disputed the debt and anticipated receiving some explaination to validate that he owed a particular amount of money to a specific entity.

48.     A consumer dispute puts the debt collector on notice that there might be problems with the debt which require some investigation on the part of the debt collector.

49.     When a consumer duly disputes a debt, a debt collector must validate that the debt they are attempting to collect is legitimate, properly linked to the disputing consumer, and represents the correct debt amount owed by the consumer.

50.     The validation letter must clear up the confusion and demonstrate the debt collector's right to collect this debt, properly owed by this consumer, for this amount the debt collector seeks. Otherwise, the "validation" lacks the essence of what a validation is intended to accomplish – to verify the debt collector's right to collect this debt from this consumer.

51.     The Letter is confusing and misleading. The Plaintiff was confused if he was required to pay the balance listed on the original debt or the balance listed on the debt collector's Letter. The least sophisticated consumer, and the Plaintiff included, remains puzzled as to which entity is correct, the original creditor or the debt collector.

52.     The Defendants' letter failed to satisfy the validation requirement mandated by Congress in the FDCPA.

53.     Plaintiff is in the zone of injury that Congress contemplated when they enacted the FDCPA. He duly disputed his debt and failed to receive the type of validation Congress anticipated when they required a debt collector to provide a response to the consumer.

54.     The Plaintiff incurred a concrete and particularized harm in that Congress identified a consumer's substantive right to receive validation of a disputed debt. This harm is closely related to the traditional common law tort of fraud.

55.     Due to Defendants' failure to actually validate the debt, Plaintiff wasted time and money trying to figure out if this is a legitimate debt obligation for the amount stated.

56.     Therefore, the Letter provided by the Defendants which ostensibly intends to validate the Plaintiff's debt has no meaning and serves only to mislead and confuse the consumer as the true balance cannot be determined from the Letter.

57.     The Plaintiff could not determine the correct amount owed from the Letter because two different balances were provided without any meaningful explanation for the difference between the balances.

58.     Plaintiff incurred an injury as he could not ascertain from the deceptive and misleading Letter the total amount he currently owed on the debt.

59.     Further, Defendants' letter is potentially a false representation of the amount of the debt due, depending on what motivated Defendants' total amount of the debt due – either a mistake or a consumer payment which was never actually paid.

60.     As a result of Defendants' false, deceptive, and misleading debt collection practices, Plaintiff has been damaged.

<u>COUNT I</u>

**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**
**15 U.S.C. §1692e *et seq.***

61.     Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

62.     Defendants' debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e.

63.     Pursuant to 15 U.S.C. §1692e, a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

64.     Defendants violated §1692e:

    a.   As the letter falsely represents the character, amount and/or legal status of the debt in violation of §1692e(2)(A); and

    b.   As the letter makes a false and misleading representation in violation of §1692e(10).

65.     By reason thereof, Defendants are liable to Plaintiff for judgment in that Defendants' conduct violated Section 1692e et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## COUNT II

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §1692g *et seq.*

66.     Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

67.     Defendants' debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692g.

68.     Pursuant to 15 U.S.C. § 1692g(a):

Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing –

1. The amount of the debt;

2. The name of the creditor to whom the debt is owed;

3. A statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt-collector;

4. A statement that the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

12

5. A statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

69. Defendants violated § 1692g(a) by failing to meaningfully verify the debt, leaving Plaintiff unsure of how much he owed, unclear if he really owed the obligation to this debt collector.

70. Furthermore, Defendants deprived Plaintiff of his substantive right to dispute the debt and receive meaningful validation of the debt.

71. Pursuant to § 1692g(b):

> If the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector.

72. Defendants violated § 1692g(b) by failing to properly verify the debt to the Plaintiff.

73. By reason thereof, Defendants are liable to Plaintiff for judgment in that Defendants' conduct violated Section 1692g et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## <u>DEMAND FOR TRIAL BY JURY</u>

74.     Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests

a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Aaron Posen, individually and on behalf of all others similarly situated, demands judgment from Defendant Portnoy Schneck, L.L.C. and Defendant Cavalry SPV I, LLC as follows:

1.    Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative, and Tamir Saland, Esq. as Class Counsel;

2.    Awarding Plaintiff and the Class statutory damages;

3.    Awarding Plaintiff and the Class actual damages;

4.    Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

5.    Awarding pre-judgment interest and post-judgment interest; and

6.    Awarding Plaintiff and the Class such other and further relief as this Court may deem just and proper.


Dated: July 20, 2021                                          Respectfully Submitted,

                                                             **STEIN SAKS, PLLC**

                                                              **/s/ Tamir Saland**
                                                             Tamir Saland, Esq.
                                                             One University Plaza, Ste. 620
                                                             Hackensack, NJ 07601
                                                             Ph:  201-282-6500 ext. 122
                                                             Fax: 201-282-6501
                                                             TSaland@steinsakslegal.com
                                                             *Counsel for Plaintiff*